CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

5/20/2020
JULIA C. DUDLEY, CLERK
BY:  s/ A. Little
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| EVA PALMER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                            ) | Civil Action No.: _6:20CV00031_ |
| ) | |
| LIBERTY UNIVERSITY, INC. ) | |
| Service:  David M. Corry, Registered Agent ) | |
| 1971 University Blvd. ) | |
| Liberty University ) | |
| Lynchburg, VA 24515 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Eva Palmer, by counsel, states as follows as her Complaint against

defendant Liberty University, Inc. ("Liberty" or the "University").

### NATURE OF ACTION

1.      This is a wrongful termination action under the Age Discrimination in

Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and

29 U.S.C. §626(c).

3.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391,

and Local Rules 2(a)(1) and 2(b), as this is the district and division where a substantial

part of the events or omissions giving rise to the claim occurred.

4.      All conditions precedent to the filing of this action have been met by Plaintiff, in that she has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has filed this action within 90 days of receiving a right-to-sue letter, dated February 20, 2020, from the EEOC.

## PARTIES

5.      Palmer is an individual resident of Lynchburg, Virginia. She was born in 1939 and, at the time of her termination, was 79 years old.

6.      Liberty is a Virginia corporation with its principal place of business at 1971 University Blvd., Lynchburg, Virginia 24515. Liberty employs more than 500 employees and was Palmer's employer for purposes of the ADEA and for purposes of this case.

## FACTS

7.      From 1986 through the Spring of 2018, Palmer worked at Liberty.  For seven years prior to that time (1979-1986), she worked at the Christian Academy (which was affiliated with Liberty).

8.      By the time of the academic year of 2017-2018, Palmer had achieved the rank of Full Professor in the Studio and Digital Arts Department of Liberty's School of Visual and Performing Arts.  Indeed, she had *just* achieved that rank for the beginning of that academic year.

9.      Palmer performed her job at a satisfactory or higher level for many years. Despite this, on April 18, 2018, Palmer received a letter (dated March 30, 2018) from the University advising her that her employment contract would not be renewed for the upcoming academic year.

2

10.     Palmer was shocked by the news and immediately inquired to many people about the basis for the decision.

11.     First, she appealed the decision and met with Liberty's Provost and Human Resources Director. This meeting was unsuccessful in changing the non-renewal decision, however.  Instead, at that time, the Liberty officials collectively told Palmer that (i) Liberty had decided not to renew her contract; (ii) they did not have to provide her with a reason for Liberty's decision; and (iii) Liberty did not give out severance for those whose contracts were not renewed.

12.     Next, Palmer texted the President of Liberty, Jerry Falwell, Jr., and asked him for his assistance.  He responded by telling Palmer that she should gather materials and argue her case further.

13.     Palmer did so and had a second meeting about the non-renewal of her contract. This meeting again included the Provost, but, this time, also included the Associate Provost and HR Director of the University.  Again, Palmer argued against a non-renewal.  But again, Liberty rejected Palmer's position. They told Palmer that, it its view, Liberty was correct "according to its rules and regulations" in its decision to not renew her contract.

14.     Palmer, however, persisted, and in June, she met with the Interim Provost (who had previously been the Associate Provost).   At this third meeting, though, the Interim Provost went beyond the comments from the earlier meetings and told Palmer that Liberty had actually decided not to renew her contract for performance reasons.

15.     This news was a complete surprise to Palmer, especially since *just that year* she had been elevated to the rank of Full Professor at Liberty.  Palmer argued her position with the Provost, but he held firm and upheld the non-renewal decision.

16.     Liberty's proffered reason for Palmer's non-renewal was false and a pretext for discrimination.  Most notably, the reason was invalid on its face, as it was in complete contradiction to the fact that Liberty had *just that year* elevated Palmer to the rank of Full Professor.  If Palmer had exhibited performance problems on such a level as to justify her non-renewal, it follows that Liberty would not have *promoted* her to the highest rank she had ever achieved at the University.  Nor would it have kept her as an employee for more than thirty years.

17.     Additionally, Liberty replaced Palmer with a younger employee who was far less qualified and far less experienced than Palmer.

18.     Moreover, Palmer's non-renewal occurred at exactly the same time that the University was choosing not to renew the employment contracts of many other older professors and instructors at the University.  Indeed, at least twenty different educators at Liberty who were over 40 years old had their contracts not renewed at the exact same time as Palmer.  Several of those persons also worked in the same School and in the same Department as Palmer.  Even more, this pattern repeated itself the following year as well – with Liberty– in 2018-2019 – choosing not to renew a substantial number of older educators.

## COUNT I:
## AGE DISCRIMINATION CLAIM

19.     The allegations of paragraphs 1-18 are realleged as if fully set forth herein.

20.     The ADEA prohibits discrimination against employees on the basis of their age.

21.     Palmer is a covered employee under the ADEA because she was over 40 years of age at the time of the discriminatory actions described herein.

22.     Here, Liberty discriminated against Palmer in violation of the ADEA because, most notably, it decided not to renew her employment contract for bogus reasons, replaced her with a younger, less experienced employee, and decided not to renew the contracts of a large number of older educators at the very same time that it decided not to renew Palmer's contract.

23.     As a direct result of Liberty's discrimination, Palmer has suffered past and future lost wages and other financial harm.

24.     Palmer has been damaged by this wrongful termination.

WHEREFORE, for all of the reasons stated above, Eva Palmer, respectfully and specifically requests that the Court:

A.     Accept jurisdiction of this case.

B.     Declare that Plaintiff has suffered acts of discrimination at the hands of Liberty in violation of the ADEA.

C.     Award Plaintiff back pay and front pay, for her loss of past and future salary and other benefits, including all fringe benefits, to which she was and would have

been entitled had she not been discriminated against regarding her employment. Such damages shall be in an amount in excess of six hundred thousand dollars ($600,000.00), the exact amount to be determined at trial.

D.      Grant Plaintiff, in lieu of front pay, reinstatement to her former job.

E.      Grant Plaintiff liquidated damages against Liberty.  Such damages shall be in an amount no less than two hundred fifty thousand dollars ($250,000.00), the exact amount to be determined at trial.

F.      Grant Plaintiff pre-judgment and post-judgment interest on all damages awarded, to the maximum extent allowed by law.

G.      Grant Plaintiff her reasonable expenses, costs, and attorneys' fees.

**A TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

EVA PALMER

By:     s/ Richard F. Hawkins, III
Virginia Bar Number: 40666
THE HAWKINS LAW FIRM, PC
2222 Monument Avenue
Richmond, Virginia 23220
(804) 308-3040 (telephone)
(804) 308-3132 (facsimile)
rhawkins@thehawkinslawfirm.net