UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/11/2023
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
        DEPUTY CLERK

| | |
|---|---|
| EVA PALMER,  *Plaintiff,*  v.  LIBERTY UNIVERSITY, INC.,  *Defendant.* | Case No. 6:20-cv-00031  MEMORANDUM OPINION & ORDER  Judge Norman K. Moon |

After this Court awarded summary judgment in favor of Defendant Liberty University, Inc., the university, as the prevailing party, filed a bill of costs seeking $6,091.80 from Plaintiff. Dkt. 43. Plaintiff both appealed the adverse judgment and filed objections to the bill of costs. Dkt. 38, 51. Defendant cross-appealed, seeking review of this Court's earlier summary judgment opinion finding that the ministerial exception did not apply in this case. Dkts. 35, 44. Defendant prevailed on appeal, as the Fourth Circuit affirmed this Court's statutory ruling that Defendant was entitled to summary judgment on Plaintiff's Age Discrimination in Employment (ADEA) claim. With the Fourth Circuit having delivered its judgment and time for further appeals now elapsed, the Court addresses the Bill of Costs.[1]

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule is "straightforward," codifying "a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 376–77 (2013); *Teague v. Bakker*, 35 F.3d

---

[1] Consideration of the Bill of Costs was stayed during the appeal period. Dkt. 55.

978, 996 (4th Cir. 1994) ("The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs.").

The decision whether to award costs "ultimately lies within the sound discretion of the district court." *Marx*, 568 U.S. at 377. The Fourth Circuit has explained that "where the district court feels that aberration from this general rule is appropriate, the court must justify its decision by articulating some good reason for doing so." *Teague*, 35 F.3d at 996 (internal quotation marks and citation omitted). Any reasons must be such that "there would be an element of injustice in a presumptive cost award." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (citing *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999)). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis*, 434 F. App'x at 235 (citing *Cherry*, 186 F.3d at 446).

Plaintiff argues that Defendant is not entitled to:

1) $1,864.79 in costs for depositions relevant only to the ministerial exception issue;

2) $77.39 in interest for a late payment to a transcription service;

3) $787.50 in expert witness fees, paid to Plaintiff's expert Dr. Tim Carpenter for his time spent being deposed; and

4) $36.70 in copying costs. Dkt. 51 at 2.

The Court will address each of these disputed costs in turn.

*1. Costs for Depositions on the Ministerial Exception Issue*

Discovery in this case was bifurcated. Dkt. 10. In a joint motion filed by Defendant, the parties requested that discovery proceed in phases, with the first phase focusing on Defendant's assertion that the ministerial exception provided it with an affirmative defense to liability under the ADEA. Dkt. 8 at 2. The parties fully briefed the issue and the Court heard argument on September 1, 2021. Dkts. 13, 14, 15, 16, 17. On December 1, 2021, this Court awarded Plaintiff summary judgment on the ministerial exception issue. Dkt. 35. On December 10, 2021, this Court awarded Defendant summary judgment on statutory grounds. Dkt. 38. Defendant appealed this first summary judgment ruling, while Plaintiff appealed the second summary judgment ruling. Dkts. 40, 44.

The Fourth Circuit affirmed this Court's *second* summary judgment decision on statutory grounds; vacated the *first* summary judgment ruling on the ministerial exception pursuant to the constitutional avoidance doctrine; and dismissed Defendant's cross-appeal. *Palmer v. Liberty Univ., Inc.*, 72 F.4th 52, 68–69. (4th Cir. 2023) ("[Liberty] prefers that we also decide whether Palmer was a minister under the First Amendment's ministerial exception. … [W]e decline Liberty's invitation to render an advisory opinion on that issue.") In short, Liberty did not prevail on the merits of the ministerial exception issue on summary judgment either before this Court or on appeal.

A party need not succeed on every front to be considered a prevailing party. *Ge v. United States Citizenship & Immigr. Servs.*, 20 F.4th 147, 156 (4th Cir. 2021). Liberty is the prevailing party in this case as a whole. However, the Court finds that the bifurcation of issues and the appellate proceedings create ambiguity disrupting the "ordinary course" in which a prevailing party is entitled to an award of costs. *Teague*, 35 F.3d at 996. The bifurcation of discovery

creates a clearly distinct category of costs relevant *only* to a separately-treated issue on which Defendant did not prevail.

In some cases where a claimant "has not sustained all of his claims … the court will apportion costs among the parties or reduce the size of the prevailing party's award to reflect the partial success." Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2667, Award of Costs to the Prevailing Party (4th ed.) Where the litigation conduct of the parties has created wholly distinct costs attributable to specific issues, and the parties knew at the time of discovery that the issues would be resolved in separate judgments, the Court finds that such adjustment of the costs award is appropriate.

Having set Defendant's affirmative defense as a distinct first issue to be litigated, the Court in its discretion finds that there would be an "element of injustice" in taxing Plaintiff for costs related exclusively to Defendant's unsuccessful defense. *Ellis*, 434 F. App'x at 235. The Court will therefore refrain from taxing the $1,264.40 incurred for Palmer's June 1, 2021 deposition and $523.00 in transcript costs from Scott Hayes June 24, 2021 30(b)(6) deposition because they were taken to develop the record on the issue of the ministerial exception.

The Court will award $3,484.20 to Defendant in deposition and transcript costs because that money was spent developing the record on issues other than the ministerial exception.

2. *Interest on a late payment*

Next, Plaintiff argues that she should not be taxed for $77.39 in interest on the invoice from Evans & Company for the transcript of her June 1, 2021 deposition, which was billed pursuant to Evans & Company's policy of charging 2% interest per month on unpaid balances. Dkt. 43-2 at 9; Dkt. 51 at 5. Because the June 1, 2021 deposition focused on the ministerial exception the Court will not award the deposition costs to the Defendant. However, the Court

would deny this $77.39 charge in any event because a penalty for belated payment is not a reasonably incurred deposition cost.

3. *Expert Witness Fee*

The items which the Court may tax as costs are enumerated in 28 U.S.C. § 1920, which includes fees "for printing and witnesses[.]" Witness fees, including for appearance at depositions, are defined in 28 U.S.C. § 1821. "A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance …" 28 U.S.C. §1821 (a)(2)(b). Because witness fees are defined by statute, the Supreme Court has ruled that expert witness fees are not taxable unless the witness is court-appointed. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) ("We think that it is clear that in §§ 1920 and 1821, Congress comprehensively addressed the taxation of fees for litigants' witnesses.")

Defendant seeks to tax $787.50 paid to Plaintiff's expert witness for his 2.25 hours of deposition attendance. Dkt. 43-1 at 4. Because Plaintiff's expert witness was not court-appointed, this request exceeds the allowable taxable $40 statutory witness fee. The Court will award the statutory fee of $40 to Defendant.

4. *Copying costs*

Plaintiff argues that Defendant has failed to explain the $36.70 in copying costs which it seeks to tax. Dkt. 51 at 6. The Court agrees. While copying costs are taxable, the Defendant has not explained why the copying costs in the "Recap of Cost Detail" appended to the Bill of Costs are dated June 2019. Dkt. 43-2 at 5.[2] Plaintiff filed suit on May 20, 2020. Dkt. 1. In the absence

---

[2] The "Recap of Costs" appears to be an internal law firm document organized by client, so the copying costs may have been incurred on some other matter in which counsel represented the Defendant.

of explanation as to why copying that was apparently performed almost a year before Plaintiff filed suit comprises part of Defendant's costs in this action, the Court will deny the $36.70.

In conclusion, the court **AWARDS** costs to Defendant in these amounts:

| | |
|---|---|
| Deposition and transcript costs: | $3,484.20 |
| Witness fee for Dr. Tim Carpenter: | $40.00 |
| Total: | $3,524.20 |

It is so **ORDERED**.

The Clerk is directed to forward a copy of this Memorandum Opinion & Order to all counsel of record.

Entered this __11th__ day of October, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE