UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/6/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
       DEPUTY CLERK

EVA PALMER,

                    *Plaintiff*,

v.

LIBERTY UNIVERSITY, INC.,

                    *Defendant*.

CASE NO. 6:20-cv-00031

ORDER

JUDGE NORMAN K. MOON

Plaintiff's Motion to Amend or Alter Judgment is before the Court. Dkt. 64. The Court will grant the Motion insofar as it will explicitly rule on Plaintiff's argument that she should pay no costs, but otherwise denies the relief sought in the Motion.

Plaintiff seeks an explicit ruling on the question of whether hers was a "close case" such that she should not pay any costs at all. *Id.* at 1; Dkt. 51, at 4–5. By awarding partial costs to Defendant Liberty University, the Court implicitly delivered a ruling on the question of whether Plaintiff should or should not pay any costs. Dkt. 63. This ruling was, self-evidently, that Plaintiff should pay *some* costs. In the interest of complete clarity the Court will also address Plaintiff's argument here.

Federal Rule of Civil Procedure 54(d)(1) mandates that "costs be allowed to a prevailing party 'as of course'" and "creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (quoting *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)). The decision whether to award costs "ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*,

568 U.S. 371, 377 (2013). The Fourth Circuit has explained that "where the district court feels that aberration from this general rule is appropriate, the court must justify its decision by articulating some good reason for doing so." *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) (internal quotation marks and citation omitted). The closeness and difficulty of the issues decided is one of the factors that the Court can consider as justification for denying an award of costs. *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (citing *Cherry*, 186 F.3d at 446).

"A case's closeness 'is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficultly of discerning the law of the case.'" *Va. Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237 (W.D. Va. 2001) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728 (6th Cir. 1986)). The Court resolved the issues in this case on summary judgment, and does not consider that it exercised any unusual refinement of perception or encountered particular difficulty in discerning the law of the case. *See, e.g.*, *McLaurin v. Liberty Univ.*, No. 6:21-cv-38, 2022 WL 16953656, at *5 (W.D. Va. Nov. 15, 2022) (explaining that "courts within the Fourth Circuit have recognized that [a] case resolved via summary judgment generally does not involve close or difficult issues that justify not awarding costs") (cleaned up, citation omitted). The degree of closeness and difficulty of issues presented in this case do not provide a reason to deny costs.

Moreover, the cases which Plaintiff cites to support her argument reflect substantially different circumstances from those currently before the Court. In *Lucas v. Shively*, the Court required supplemental briefing after its summary judgment hearing in order to render a decision. *See* No. 7:13-cv-55, 2015 WL 2092668, at *2 (W.D. Va. May 5, 2015). This case presented no

corresponding need for further factual development. In addition, the *Shively* court did not base its decision to deny costs solely on the closeness and difficulty of the issues: the plaintiffs in that case possessed limited financial resources, which the court cited as one of the reasons to deny costs. *Id.* at *3. Similarly, in *Green v. Winchester Medical Center*, the court denied costs after *trial*, not summary judgment—and the plaintiff's limited means and permanent injury meant that her "financial condition militate[d] against an award of costs." *See* No. 5:13-cv-64, 2015 WL 247871, at *3 (W.D. Va. Jan. 20, 2015). *Musick v. Dorel Juvenile Group, Inc.* involved a lengthy trial, and the court found that the plaintiffs could not pay costs and were unlikely to ever have the resources to do so. *See* No. 1:11-cv-5, 2012 WL 473994, at *1–2 (W.D. Va. Feb. 13, 2012). In summary, the cases Plaintiff cites present closer, more difficult issues *and* financial condition as reasons to deny costs. Here, Plaintiff has made no argument—much less presented evidence to substantiate—that her financial condition weighs against paying costs.

In conclusion, the Court **GRANTS IN PART** Plaintiff's Motion to Amend or Alter in that has provided a ruling on the question of whether Plaintiff should be completely exempted from paying costs. Dkt. 64. The Court **DENIES** the other relief requested in the Motion.

It is so **ORDERED**.

The Clerk is directed to forward a copy of this Memorandum Opinion & Order to all counsel of record.

Entered this   6th   day of December, 2023.

    *[signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE